Roger C. Hsu - SBN 170589
rchlaw@att.net
Joseph M. Liu - SBN 220938
joseph@liu.net
LAW OFFICES OF ROGER C. HSU
175 South Lake Avenue, Suite 210
Pasadena, CA 91101
Telephone:  (626) 792-7936
Facsimile:  (626) 685-2859

Attorneys for Plaintiff Interworks Unlimited, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Interworks Unlimited, Inc., a California corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Digital Gadgets, LLC., a New Jersey limited liability company,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1.　BREACH OF CONTRACT<br>2.　GOODS SOLD AND DELIVERED<br>3.　UNJUST ENRICHMENT<br>4.　ACCOUNTS STATED<br><br>DEMAND FOR JURY TRIAL |

   Plaintiff Interworks Unlimited, Inc. (hereinafter the "Plaintiff") hereby alleges and complains against Defendant Digital Gadgets, LLC. (hereafter the "Defendant") as follows:

**I.**

**JURISDICTION AND VENUE**

   1.   Jurisdiction is predicated upon 28 U.S.C. § 1332(a)(1) in that this action is between citizens of different states and the amount in controversy exceeds

$75,000.00, exclusive of interest and costs.

2. The Central District of California is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b) because, as set forth below, a substantial part of the events and omissions giving rise to this action occurred in the County of Los Angeles, California, within the jurisdiction of this district.

3. The Defendant purposely availed itself to this jurisdiction through a number of contacts with and substantial business activities in this district. This includes, without limitation, the following: (1) maintaining an agent in the City of Santa Fe Springs, County of Los Angeles to act on Defendant's behalf in connection with its business transactions, including Defendant's business transactions with the Plaintiff; (2) having its merchandise, including the merchandise it purchased from the Plaintiff, shipped to and stored at a warehouse located in the City of Santa Fe Springs, County of Los Angeles; (3) having its merchandise, including the merchandise it purchased from the Plaintiff, distributed to its customers from the City of Santa Fe Springs, County of Los Angeles; 4)initiating a business relationship with the Plaintiff being fully aware that its office was located in the City of Industry, Los Angeles County ("Industry Office"); (5)submitting purchase orders to the Plaintiff at the Plaintiff's Industry Office; (6)directing payments to the Plaintiff at the Plaintiff's Industry Office;(7)contacting or submitting inquiries to the Plaintiff at the Plaintiff's Industry Office; (8)purchasing

over $1,000,000.00 worth of merchandise in just the last year.

## II.

## **PARTIES**

4. The Plaintiff is, at all relevant times, a corporation duly formed and existing under the laws of the State of California and is qualified and authorized to do business in California, with its principal place of business located in the City of Industry, County of Los Angeles.

5. The Defendant is, at all relevant times, a New Jersey corporation that is organized and existing under the laws of the State of New Jersey, with its principal place of business in Monroe Township, New Jersey.

## III.

## **FACTUAL ALLEGATIONS**

6. At all times relevant herein, the Plaintiff sold self-balancing transportation devices also known as hoverboards. At all times relevant herein, Defendant purchased such goods from Plaintiff.

7. In or about December of 2016, Defendant began placing a series of orders for hoverboards with the Plaintiff. In all, the Defendant ordered from the Plaintiff $2,196,250.00 worth of hoverboards. A true and correct copy of a document entitled "Accounts Receivables Aged Invoice Report", which reflects said orders is attached and incorporated hereto as Exhibit 1. The Plaintiff subsequently provided the Defendant with $354,970.00 in discounts.

8. Following the delivery of these items in or about

December 2016 and January 2017, Defendant had 60 days to make payment.

9. Even though the hoverboards were conforming and accepted, Defendant has failed to fully pay for these orders.

10. As of July of 2017, Defendant has an outstanding balance of $1,135,880.00.  A true and correct copy of a spreadsheet that reflects this outstanding balance is attached and incorporated hereto as Exhibit "2."

11. While Defendant had previously made repeated assurances that it would pay the outstanding balance, it never did.

## IV.

## FIRST CLAIM

### Against Defendant

**FOR BREACH OF CONTRACT FOR SALE OF GOODS.**

12. Plaintiff refers to and incorporates hereat, by this reference, as if fully set forth herein *seriatim* the above paragraphs of this complaint.

13. There was a contract(s) between the Defendant and the Plaintiff by which the Defendant agreed to buy and Plaintiff agreed to sell hoverboards.

14. Plaintiff has performed all the terms and conditions of the contract(s) for the sale of goods between it and Defendant by selling and delivering the conforming goods ordered by Defendant, or has been excused from such performance.

15. Even though the goods were conforming and have

been delivered and accepted, the Defendant has failed and refused to fully pay the Plaintiff for such goods, in breach of the contract(s), although demand for payment has been duly and timely made.

16. As a proximate result of the breach of the contract(s) by the Defendant, Plaintiff has sustained damages in the amount of $1,135,880.00, along with incidental and consequential damages, the precise amount of damages sustained shall be determined at trial according to proof.

**V.**

**SECOND CLAIM**

**Against Defendant**

**FOR GOODS SOLD AND DELIVERED.**

17. Plaintiff refers to and incorporates hereat, by this reference, as if fully set forth herein *seriatim* the above paragraphs of this complaint.

18. Within the last two years, Defendant became indebted to Plaintiff in the sum of $1,135,880.00 for goods ordered, sold and delivered to Defendant by the Plaintiff.

19. Despite repeated promises by Defendant that it would pay for the goods, and despite repeated demands by Plaintiff to Defendant for payment, the amount of $1,135,880.00 remains unpaid.

20. Defendant is liable to Plaintiff for the agreed reasonable price of the goods in the amount of $1,135,880.00, together with interest at the legal rate.

**VI.**

**THIRD CLAIM**

**Against Defendant**

**FOR UNJUST ENRICHMENT.**

21.   Plaintiff refers to and incorporates hereat, by this reference, as if fully set forth herein seriatim the above paragraphs of this complaint.

22.   Plaintiff delivered $1,135,880.00 worth of ordered goods to Defendant in good faith.

23.   Defendant accepted the goods thus, received a benefit.

24.   Plaintiff reasonably expected to be compensated for the goods.

25.   Defendant has no valid legal or equitable claim to Plaintiff's goods or the financial benefit they have derived from them. It would be inequitable for Defendant to retain that benefit.

**VII.**

**FOURTH CLAIM**

**Against Defendant**

**FOR ACCOUNT STATED.**

26.   Plaintiff refers to and incorporates hereat, by this reference, as if fully set forth herein seriatim the above paragraphs of this complaint.

27.   Prior to the commencement of this action, there were a number of previous transactions between the Plaintiff and Defendant, wherein there was an established relationship of the Plaintiff as the creditor and Defendant as the debtor.

28.   Within four (4) years prior to the commencement of this action, an account was stated in writing by and between the Plaintiff and Defendant, wherein it was agreed by the parties that Defendant was indebted to Plaintiff in the sum of $1,135,880.00.

29.   No part of the sum of $1,135,880.00 has been paid by Defendant, despite repeated promises that it would pay this debt.  Although repeated demands have been made by Plaintiff, there is now due, owing, and unpaid from Defendant to Plaintiff the sum of $1,135,880.00, together with interest thereon at the legal rate and attorney fees pursuant to statute, including CA Civ. Code §1717.5, the exact amount to be determined according to proof at the time of trial.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

**AS TO THE FIRST CLAIM:**

1. For compensatory damages in the amount of at least $1,135,880.00, the precise amount to be determined at trial;
2. For incidental and consequential damages in an amount to be determined at trial;

**AS TO THE SECOND CLAIM:**

1. The price for the goods in the amount of $1,135,880.00;

**AS TO THE THIRD CLAIM:**

1. The price for the goods in the amount of $1,135,880.00, the reasonable value of the goods;

**AS TO THE FOURTH CLAIM:**

1. The sum of $1,135,880.00; and
2. For attorney's fees pursuant to statute and/or contract;

**AS TO ALL CLAIMS:**

1. For all interest including, without limitation, prejudgment interest, pursuant to statute and/or contract, the precise amount to be determined at trial;
2. For all costs of suit incurred herein; and
3. For such other and further relief as to the Court seems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a jury trial on all issues so triable.

DATED: July 7, 2017      By:    /s/ Roger C. Hsu
Roger C. Hsu - SBN 170589
rchlaw@att.net
Joseph M. Liu - SBN 220938
joseph@liu.net
LAW OFFICES OF ROGER C. HSU
175 South Lake Avenue, #210
Pasadena, CA 91101
Telephone: (626) 792-7936
Facsimile: (626) 685-2859
Attorneys for
Plaintiff Interworks
Unlimited, Inc.