Roger C. Hsu - SBN 170589
Joseph M. Liu - SBN 220938
LAW OFFICES OF ROGER C. HSU
175 South Lake Avenue, Suite 210
Pasadena, CA 91101
Telephone:  (626) 792-7936
Facsimile:  (626) 685-2859
rchlaw@att.net
joseph@liu.com

Attorneys for Plaintiff/Counter Defendant Interworks Unlimited, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Interworks Unlimited, Inc., a California corporation,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>Digital Gadgets, LLC., a New Jersey limited liability company,<br><br>　　　　　　Defendant.<br>_____<br>Digital Gadgets, LLC., a New Jersey limited liability company,<br><br>　　　　　　Counterclaimant,<br>　　v.<br><br>Interworks Unlimited, Inc., a California corporation,<br><br>　　　　　　Counter-defendant<br>_____ | **Case No. 2:17-cv-4983 AB TJH KSx)**<br><br>**DECLARATION OF JOSEPH M. LIU IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　　　January 7, 2019<br>Time:　　　UNDER SUBMISSION<br>Courtroom: 9B |

- 1

1. I am the counsel for Plaintiff Interworks Unlimited, Inc. ("Plaintiff") on this matter and have personal knowledge of each of the facts set forth in this Declaration, and can testify competently thereto, except as to the matters stated on information and belief, and as to such matters I believe them to be true.

2. On or about March 16, 2017, Plaintiff and Defendant Digital Gadgets, LLC. ("Defendant") made their initial disclosures as required under FRCP 26.

3. On or about March 21, 2017, the Plaintiff propounded its first set of document requests on the Defendant.

4. One of the requests asked the Defendant to provide all documents that it may use to support its claims and/or defenses, as set forth in its Initial Disclosures. A true and correct copy of the document requests is attached and incorporated hereto as Exhibit "A".

5. The Defendant responded by providing the Plaintiff with 278 pages of documents.

6. None of the documents attached as Exhibits 4, 5 & 6 to Defendant's Opposition to Plaintiff's Motion for Summary Judgment were produced by the Defendant during initial disclosures or in response to Plaintiff's document requests.

7. Moreover, none of the documents that are attached as Exhibits 4, 5 and 6 to Defendant's Opposition to Plaintiff's Motion for Summary Judgment were produced by the Plaintiff as they were not specifically requested and not part of the Plaintiff's claims and defenses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 26, 2018.

_____
Joseph M. Liu, Esq.
Declarant

- 2 -

# EXHIBIT A

```
 1  Roger C. Hsu - SBN 170589
    rchlaw@att.net
 2  Joseph M. Liu - SBN 220938
    joseph@liu.net
 3  LAW OFFICES OF ROGER C. HSU
    175 South Lake Avenue, Suite 210
 4  Pasadena, CA 91101
    Telephone:  (626) 792-7936
 5  Facsimile:  (626) 685-2859

 6  Attorneys for Plaintiff Interworks Unlimited, Inc.

 7
```

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Interworks Unlimited, Inc., a California corporation, | Case No. 2:17-cv-4983 AB KSx) |
| Plaintiff, | **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS UNDER RULE 34** |
| v. | |
| Digital Gadgets, LLC., a New Jersey limited liability company, | |
| Defendant. | |
| Digital Gadgets, LLC., a New Jersey limited liability company, | |
| Counterclaimant, | |
| v. | |
| Interworks Unlimited, Inc., a California corporation, | |
| Counter-defendant | |

REQUESTING PARTY: Plaintiff Interworks Unlimited, Inc.

RESPONDING PARTY: Defendant Digital Gadgets, LLC.

SET NO.:          ONE

1

PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

1    NOTICE IS HEREBY GIVEN that Defendant/Counter-Claimant
2 Digital Gadgets, LLC. is requested to identify all
3 documents, papers, book, records, letters, memos, notices,
4 recorded or otherwise and other tangible items falling
5 within each of the categories specified below.  Defendant/
6 Counter-Claimant Digital Gadgets, LLC. is further requested
7 to physically produce and permit the inspection and copying
8 of all such identified documents.
9    PLEASE TAKE FURTHER NOTICE that the original and/or
10 true copies of said documents and tangible items are to be
11 physically produced at the Law Offices of Roger C. Hsu, at
12 175 South Lake Avenue, Suite 210, Pasadena, California,
13 91101, on April 24, 2018 at 2:00 p.m.
14    PLEASE TAKE FURTHER NOTICE that in lieu of actually
15 producing these documents on the date and time requested,
16 Defendant/Counter-Claimant Digital Gadgets, LLC. may comply
17 with this request by forwarding these documents to the above
18 address.  By doing so, Defendant/Counter-Claimant Digital
19 Gadgets, LLC. agrees that each of the copies is true and
20 correct and is otherwise an accurate representation of the
21 documents within its possession or control.  It is further
22 requested that the documents be labeled and identified.
23 SPECIALLY DEFINED TERMS
24    1.  "YOU", "YOUR" and "DG" as used herein shall mean
25 Defendant/Counter-Claimant Digital Gadgets, LLC., its past
26 or present agents, employees, assignors, assignees,
27 representatives, attorneys, and all other persons or
28 entities acting or purporting to act on its behalf.

1    2.  "DOCUMENT" and "DOCUMENTS" as used herein shall
2  mean all things that come within the definition of
3  "documents or electronically stored information" under
4  FRCP34(a)(1)(A) (including, but not limited to, all forms of
5  tangible expressions, including pictures and sound
6  recordings).  Every draft or non-identical copy of a
7  DOCUMENT is a separate DOCUMENT and must be produced in
8  response hereto.
9    3.  "RELATE TO" or "RELATES TO" as used herein shall
10 mean constituting, evidencing, memorializing, referring to,
11 or otherwise pertaining in any way, in whole or in part, to
12 the subject matter referred to in the demand.  Where a
13 demand is made for DOCUMENTS that "RELATES TO" an identified
14 document, the demand includes, but not limited to, the
15 identified document itself. Where the demand is for
16 DOCUMENTS that RELATE TO an agreement, the demand shall
17 include, but is not limited to, all DOCUMENTS that
18 constitute, evident, memorialize, refer to, or otherwise
19 pertain in any way, in whole or in part, to the agreement,
20 including, but is not limited to, the written agreement
21 itself.
22   4. "COUNTERCLAIM" as used herein shall mean the First
23 Amended Counterclaim YOU filed in this action on or about
24 November 20, 2017.
25   5.  "INTERWORKS" as used herein shall mean
26 Plaintiff/Counter-Defendant Interworks Unlimited, Inc.
27                    **DOCUMENTS REQUEST**
28   1.  In regards to paragraph 13 of YOUR COUNTERCLAIM,

1  all DOCUMENTS that RELATE TO YOUR contention that
2  "Interworks would sell hoverboards to DG on consignment for
3  release to QVC with DG's obligation to pay Interworks
4  dependent upon and coincidence with QVC's payment to DG."
5      2.  In regards to paragraph 14 of YOUR COUNTERCLAIM,
6  all DOCUMENTS that RELATE TO YOUR contention that the
7  "parties agreed and it became the parties' course of
8  dealings that Interworks would refrain from making any
9  further sales of hoverboards directly to QVC."
10     3.  In regards to paragraph 16 of YOUR COUNTERCLAIM,
11 all DOCUMENTS that RELATE TO YOUR contention that YOU "had a
12 highly profitable and long standing business relationship
13 with QVC..."
14     4.  In regards to paragraph 17 of YOUR COUNTERCLAIM,
15 all DOCUMENTS that RELATE TO YOUR contention that YOU were
16 "led to believe that...Interworks had good, adequate and
17 conforming product liability insurance with respect to which
18 DG was an additional named insured on Interworks'
19 policy."
20     5.  In regards to paragraph 19 of YOUR COUNTERCLAIM,
21 all DOCUMENTS that RELATE TO YOUR contention that INTERWORKS
22 breached its "obligations to provide DG with insurance
23 coverage with respect to any damage or injury caused by
24 Interworks' hoverboards..."
25     6.  In regards to paragraph 21 of YOUR COUNTERCLAIM,
26 all DOCUMENTS that RELATE TO YOUR contention that "QVC
27 advised DG that the lithium-ion battery incorporated into
28 the purchased hoverboards was not the lithium-ion battery

4

```
 1  approved by QVC in connection with QVC's previous purchases
 2  of hoverboards directly from Interworks."
 3       7.  In regards to paragraph 22 of YOUR COUNTERCLAIM,
 4  all DOCUMENTS that RELATE TO YOUR contention that "[w]hen
 5  confronted with the findings of QVC, Interworks did not deny
 6  QVC's findings, but instead alleged its willful ignorance of
 7  the specifications of the lithium-ion battery utilized by
 8  Interwork's overseas factory."
 9       8.  In regards to paragraph 23 of YOUR COUNTERCLAIM,
10  all DOCUMENTS that RELATE TO YOUR contention that
11  "Interworks breached its agreement with DG by supplying to
12  DG hoverboards that did not conform to the specifications
13  previously approved by QVC, causing QVC to cancel orders and
14  refuse inventory and thus cause lost sales and damage to
15  DG's reputation."
16       9.  In regards to paragraph 24 of YOUR COUNTERCLAIM,
17  all DOCUMENTS that RELATE TO YOUR contention that INTERWORKS
18  failed "to supply to DG the specifications for the
19  lithium-ion battery allegedly utilized by Interworks'
20  overseas supplier which such specifications, had they been
21  supplied, may have enabled DG to consummate its hoverboards
22  sales to QVC."
23       10. In regards to paragraph 25 of YOUR COUNTERCLAIM,
24  all DOCUMENTS that RELATE TO YOUR contention that
25  "hoverboards being supplied to DG by Interworks were
26  nonconforming to both the standards supplied to QVC..."
27       11. In regards to paragraph 27 of YOUR COUNTERCLAIM,
28  all DOCUMENTS that RELATE TO YOUR contention that INTERWORKS
```

5

EXHIBIT A                PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS
                                                              PAGE 7

1  violated the "exclusive right granted to DG to sell
2  Interworks' hoverboards to and through QVC..."
3      12. In regards to paragraph 28 of YOUR COUNTERCLAIM,
4  all DOCUMENTS that RELATE TO YOUR contention that
5  "Interworks' violation of the exclusive right granted to DG
6  to sell Interworks' hoverboards to and through QVC is
7  causing irreparable harm to DG's reputation and business..."
8      13. In regards to paragraph 29 of YOUR COUNTERCLAIM,
9  all DOCUMENTS that RELATE TO YOUR contention that
10 "Interworks' delivery of nonconforming hoverboards was, at a
11 minimum, a breach of the parties' agreement and, more
12 likely, grossly negligent or willfully fraudulent."
13     14. In regards to paragraph 30 of YOUR COUNTERCLAIM,
14 all DOCUMENTS that RELATE TO YOUR contention that "DG is
15 entitled to punitive damages in the sum of not less than
16 $7,000,000.00."
17     15. All DOCUMENTS that RELATE TO YOUR first cause of
18 action for Breach of Contract.
19     16. All DOCUMENTS that RELATE TO YOUR second cause of
20 action for Breach of Contract.
21     17. All DOCUMENTS that RELATE TO YOUR third cause of
22 action for Breach of Implied Warranty of Merchantability.
23     18. All DOCUMENTS that RELATE TO YOUR fourth cause of
24 action for Breach of Warranty.
25     19. All DOCUMENTS that RELATE TO YOUR fifth cause of
26 action for Negligence.
27     20. All DOCUMENTS that RELATE TO YOUR sixth cause of
28 action for Fraud.

6

PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

1  21. All DOCUMENTS that RELATE TO YOUR seventh cause of
2  action for Indemnification.
3  22. All DOCUMENTS that RELATE TO any agreements
4  entered into between YOU and INTERWORKS including, without
5  limitation, the agreements themselves.
6  23. All DOCUMENTS that RELATE TO any notification by
7  YOU to INTERWORKS concerning its alleged nonconforming
8  merchandise.
9  24. All DOCUMENTS that RELATE TO YOUR attempt to
10 return the alleged nonconforming hoverboards to INTERWORKS
11 25. All DOCUMENTS that RELATE TO the alleged
12 exclusivity agreement, as alleged in YOUR COUNTERCLAIM.
13 26. All DOCUMENTS that RELATE TO INTERWORKS' alleged
14 agreement to list YOU as an additional insured, as alleged
15 in YOUR COUNTERCLAIM.
16 27. All DOCUMENTS that RELATE TO any sale of
17 merchandise from INTERWORKS to YOU.
18 28. All DOCUMENTS that RELATE TO any payment for
19 merchandise by YOU to INTERWORKS.
20 29. All DOCUMENTS that RELATE TO any and all
21 COMMUNICATIONS between YOU and INTERWORKS.
22 30. All DOCUMENTS that may contain information that
23 YOU may use to support YOUR claims and/or defenses, as set
24 forth in YOUR Initial Disclosures.
25 31. All DOCUMENTS that RELATE TO YOUR claim for
26 damages.
27
28

7

PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

DATED: March 21, 2018          By: _____
                                    Joseph M. Liu, Esq.
                                    Attorneys for
                                    Plaintiff/Counter
                                    Defendant Interworks
                                    Unlimited, Inc.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 175 South Lake Avenue, Suite 210, Pasadena, CA 91101.

On March 21, 2018, I served the foregoing documents described as **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS UNDER RULE 34** a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States mail at Pasadena, California, addressed as follows:

| | |
|---|---|
| Mark D. Brutzkus, Esq. | Marlan M. Lazarus, Esq. |
| Michael A. Bernet, Esq. | Lazarus & Lazarus P.C. |
| Brutzkus Gubner | 240 Madison Avenue, 8th Floor |
| 21650 Oxnard Street, Suite 500 | New York, NY 10016 |
| Woodland Hills, CA 91367 | |

X   BY U.S. MAIL

X   I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

X   (Federal) I declare under penalty of perjury under the laws of United States that the above is true and correct.

Executed on March 21, 2018, at Pasadena, California

Joseph Liu
(Print Name)                                    (Signature)