Roger C. Hsu - SBN 170589
Joseph M. Liu - SBN 220938
LAW OFFICES OF ROGER C. HSU
175 South Lake Avenue, Suite 210
Pasadena, CA 91101
Telephone:  (626) 792-7936
Facsimile:  (626) 685-2859
rchlaw@att.net
joseph@liu.com

Attorneys for Plaintiff/Counter Defendant Interworks Unlimited, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Interworks Unlimited, Inc., a California corporation, | Case No. 2:17-cv-4983 AB TJH KSx) |
| Plaintiff, | **EVIDENTIARY OBJECTIONS TO EXHIBITS 4, 5 AND 6 OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [FRCP 56(c)(2)]** |
| v. | |
| Digital Gadgets, LLC., a New Jersey limited liability company, | |
| Defendant. | Date:        January 7, 2019 |
| | Time:        UNDER SUBMISSION |
| | Courtroom: 9B |
| Digital Gadgets, LLC., a New Jersey limited liability company, | |
| Counterclaimant, | |
| v. | |
| Interworks Unlimited, Inc., a California corporation, | |
| Counter-defendant | |

- 1

Pursuant to FRCP 56(c)(2), Plaintiff Interworks Unlimited, Inc. ("Plaintiff") hereby objects to the documents attached as Exhibits 4, 5 and 6 to Defendant Digital Gadget ("Defendant")'s Opposition to Motion for Summary Judgment. The basis for the objections is that the Defendant did not lay proper foundation, those documents constitute hearsay and/or are inadmissible under FRCP 37 because they were not previously disclosed to the Plaintiff.

## I.

## DEFENDANT FAILED TO LAY PROPER FOUNDATION FOR EXHIBITS 4, 5 AND 6

Under FRCP 901(a) "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  This can include "Testimony that an item is what it is claimed to be" FRCP 901(b)(1)

Here, Exhibits 4-6 are inadmissible because the Defendant did not lay proper foundation.  All that is set forth is a declaration from Defendant's lawyer that these documents were "produced in discovery in this case" *[see Paragraphs 5-7 of Declaration of Harlan Lazarus in Support of Opposition to Summary Judgment]*  Such evidence is insufficient to authentic these three exhibits.  There were no statements as to when, where and from whom the Defendant obtained these documents.  They were not produced by the Plaintiff *(see Declaration of Joseph M. Liu)* and, if they were produced pursuant to a subpoena, there was no evidence showing any sort of authentication from the producing party or its custodian of records.  Thus, the Plaintiff objects to Exhibits 4-6 based on a failure to lay proper foundation.

## II.

## EXHIBITS 4, 5 AND 6 ARE INADMISSIBLE HEARSAY

Pursuant to FRCP 801(c), "Hearsay" means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Under FRCP 802

"Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court."

Exhibits 4, 5 and 6 are hearsay because the Defendant is trying to prove the truthfulness of the statements stated in those documents.  Because the Defendant failed to show how these hearsay documents fall under any of the hearsay exceptions, they are inadmissible to support Defendant's opposition.  Therefore, the Plaintiff further objects to Exhibits 4-6 on the ground of hearsay.

# III.

# EXHIBITS 4, 5 AND 6 WERE NOT PREVIOUSLY PRODUCED AND ARE EXCLUDED UNDER FRCP 37.

Under FRCP 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is **not allowed to use that information or witness to supply evidence on a motion**, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  [emphasis added] Under FRCP 26(a), a party needs to provide "(ii) a copy-or a description by category and location-of **all documents**, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use **to support its claims or defenses**, unless the use would be solely for impeachment." FRCP 26(a)(1)(A)(ii)  [emphasis added]  And this duty is an ongoing duty.  Under FRCP 26(e)(1),   A party who has made a disclosure under Rule 26(a)-or who has responded to an interrogatory, request for production, or request for admission-must **supplement or correct its disclosure or response**: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court."  [emphasis added]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In this case, one of the Defendant's affirmative defenses was that the Plaintiff lacked standing.  During discovery, the Plaintiff also asked the Defendant to produce all documents to support its defenses *(see Declaration of Joseph M. Liu)*.  The documents attached as exhibits attached as Exhibits 4, 5 and 6, were never produced during initial disclosures or discovery.  Moreover the Defendant never supplemented its disclosures or discovery responses.  Even if these three documents were obtained after initial disclosures or by subpoena during discovery, the Defendant has a continuing duty to supplement its responses.  Pursuant to the Court's Order, the deadline for non-expert discovery was October 19, 2018.  The Defendant cannot now cure its failure by supplementing its disclosures or discovery responses.  Therefore, Plaintiff objects to Exhibits 4-6 under FRCP 37, and the Defendant is barred from using those documents to support its opposition.

Date: December 26, 2018

By:   /s/ Joseph M. Liu, Esq.             .
       Joseph M. Liu, Esq.
       Attorneys for Plaintiff/Counter
       Defendant Interworks
       Unlimited, Inc.